UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DONNA LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-036 |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff Donna Long seeks judicial review of the Social Security Administration's denial of her application for Disability Insurance Benefits (DIB).

## I. GOVERNING STANDARDS

In social security cases, courts

> . . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation

---

[1] Martin O'Malley is now the Commissioner of Social Security and has been substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. The Clerk is **DIRECTED** to update the docket accordingly.

and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019) ("Substantial evidence . . . is 'more than a mere scintilla.' [Cit.] It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citations omitted)). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

> . . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id.* § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is

2

> "severe." *Id.* § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the [residual functional capacity ("RFC")] to perform her past relevant work. *Id.* § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

At steps four and five, the ALJ assesses the claimant's RFC and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded by regulation on other grounds*, 20 C.F.R. § 404.1520c, *as stated in Jones v. Soc. Sec. Admin.*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can

adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

## II. BACKGROUND

Long, born on July 7, 1967, was 52 years old when she applied for DIB in December 2019. Tr. 253-56. She initially alleged a disability onset date of August 27, 2019, tr. 251, but amended it to November 27, 2019, to correspond with her last day of work, tr. 50. She completed one year of college. Tr. 319. She has past relevant work experience as an accounting clerk supervisor, a reception clerk, a floor covering salesperson, and a social services aide. Tr. 80; *see also* tr. 319. After a hearing, tr. 46-86, the ALJ issued an unfavorable decision, tr. 20-45.

The ALJ found that Long's cervical spine degenerative disc disease, lumbar spine degenerative disc disease, mild bilateral knee degenerative joint disease, headaches, fibromyalgia, Raynaud's phenomenon, and obesity with gastric bypass to be severe impairments,[2] tr. 26, but did not meet or medically equal a Listing, tr. 28. The ALJ then found that Long retained the RFC for sedentary work except:

> push/pull up to 10 pounds occasionally; stand/walk up to 4 of 8 hours; and sit up to 6 of 8 hours with normal breaks. The

---

[2] The ALJ found Long's hyperlipidemia, hypertension, GERD, irritable bowel syndrome, and depressive disorder to be nonsevere. Tr. 26.

claimant can occasionally climb stairs and ramps but never ladders or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. There can be occasional overhead reaching and use of foot controls. The claimant can frequently handle, finger, and feel; There should be no concentrated exposures to cold, heat, humidity, noise, vibration, fumes, odors, gases and poor ventilation. There should be no exposure to unprotected heights or other hazards.

Tr. 28-33. Long, he determined, could perform her past relevant work as an accounting clerk supervisor and receptionist/clerk. Tr. 33. Therefore, she was found to be not disabled. Tr. 34.

Long appealed the ALJ's decision to the Appeals Council, which denied her request for review. Tr. 14-19. After exhausting her administrative remedies, she filed the instant lawsuit seeking judicial review of the ALJ's decision. *See generally* doc. 1. The parties have submitted their briefs. *See* docs. 8, 11, & 12. The matter is ripe for disposition. *See* Rule 5, Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("The action is presented for decision by the parties' briefs.").

### III. ANALYSIS

Long argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to account for her variations in function caused by her episodic headaches, doc. 8 at 11-13, erred in

5

finding that Long could perform her past work as a receptionist/clerk as actually and generally performed, *id.* at 13-16, and improperly assessed the medical opinions, *id.* at 16-23.  The Commissioner responds that substantial evidence supports the ALJ's decision, because Long cannot show she had additional limitations due to her headaches, the ALJ properly found Long could perform her past work as a receptionist as generally performed in the national economy and as an accounting clerk supervisor as actually and generally performed, and the ALJ properly assessed the medical opinion evidence.  *See* doc. 11 at 1.  Long replied in support of her arguments.  *See generally* doc. 12.  Because remand is appropriate for the ALJ's failure to include limitations in Long's RFC consistent with a medical opinion he found persuasive, without any explanation for the exclusion, the Court reaches that argument first.

Plaintiff challenges the ALJ's consideration of the opinions of consultative examiner Dr. Ifetayo Ojelade, but, more importantly, she challenges his failure to "explain why he rejected Dr. Ojelade's opinion that Long would have a mild impairment in her ability to appropriately interact with the public and with those in a supervisory capacity and in her ability to adapt to the stressors of a work environment." Doc. 8 at 19-

20. The Commissioner argues the ALJ articulated substantial evidence for finding the opinion persuasive, and appropriately assessed Long's RFC. Doc. 11 at 15-16.

For claims filed after March 27, 2017, as here, the ALJ will not defer or give any specific weight to medical opinions or prior administrative medical findings. 20 C.F.R. § 404.1520c(a); *see also Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896-98 (11th Cir. 2022) (affirming the new regulations that eliminate the treating physician rule for claims filed after March 27, 2017). Under the applicable regulation, to determine the persuasiveness of a medical opinion or prior administrative finding in the record, the ALJ focuses on factors that include supportability, consistency, the medical source's relationship with the claimant, and the medical source's specialization. 20 C.F.R. § 404.1520c(c). The new regulations differentiate between a "medical opinion," defined as "a statement from a medical source about what [the claimant] can still do despite [her] impairment(s) . . . ," 20 C.F.R. §§ 404.1513(a)(2) (defining "medical opinion"); 416.913(a)(2) (same), and "other medical evidence," which includes "judgments about the nature and severity of [the claimant's] impairments, [the claimant's] medical history, clinical

findings, diagnosis, treatment prescribed with response, or prognosis," 20 C.F.R. §§ 404.1513(a)(3) (defining "other medical evidence"); 416.913(a)(3) (same).

The Eleventh Circuit has recently summarized the effect of the 2017 amendments to the SSA's regulations. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144, at *4 (11th Cir. Jan. 10, 2022).

> This new regulatory scheme no longer requires the ALJ to either assign more weight to medical opinions from a claimant's treating source or explain why good cause exists to disregard the treating source's opinion. Under the new regulations an ALJ should focus on the persuasiveness of medical opinions and prior administrative medical findings by looking at five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. [20 C.F.R.] § 404.1520c(c)(1)-(5).
>
> The ALJ may, but is not required to, explain how she considered factors other than supportability and consistency, which are the most important factors. *Id.* § 404.1520c(b)(2). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). And "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical

opinion(s) or prior administrative medical finding(s) will be."
*Id.* § 404.1520c(c)(2).

*Id.* As for the two most important factors, "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Cook v. Comm'r of Soc. Sec.*, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021).

After acknowledging that Dr. Ojelade "opined mild limitation in social interaction . . . and mild impairment of adaptation to stressors," the ALJ found his opinion persuasive. Tr. 27. In doing so, he addressed the required factors of supportability and consistency. *Id.* Related to supportability, he recounted Dr. Ojelade's statements that Long's clinical presentation "suggested no impairment in her activities of daily living relative to her psychological diagnosis" and discussed the results of the mental status exam. *Id.* As for consistency, he found Dr. Ojelade's opinions to be "consistent with the remainder of the medical evidence of Record which shows no specialized care . . . but treatment through primary care provider with good/normal results on mental status examination." *Id.* This is sufficient, under the new regulations, and the

ALJ's weighing of Dr. Ojelade's opinion is supported by substantial evidence.

It is the ALJ's failure to address Dr. Ojelade's opinion when assessing Long's RFC that is not supported by substantial evidence. Dr. Ojelade noted mild limitations in social interaction and adaptation to stressors. Tr. 27. However, even after finding Dr. Ojelade's opinion persuasive, the ALJ did not include any commensurate limitations in the RFC, tr. 28-29, and did not explain why he determined no mental functioning limitations were necessary, tr. 29-33. As the Eleventh Circuit recently explained, this failure is reversible error. *See Weidlich v. Comm'r of Soc. Sec.*, 2023 WL 8015753, at \*2-\*3 (11th Cir. Nov. 20, 2023) (finding reversible error where the ALJ did not provide a clear explanation for not adopting the limitations outlined in a medical opinion the ALJ found "generally persuasive and supported").

As discussed above, at step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused

10

by the claimant's impairments and related symptoms." *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 870 n. 5 (11th Cir. 2012) (citations omitted). In determining whether a claimant can perform her past relevant work despite her impairments, the ALJ must consider a claimant's "entire medical condition," including all impairments, whether severe or not. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see* 20 C.F.R. §§ 404.1520(e), 404.1545. The ALJ found Long's depressive disorder nonsevere but purported to consider even her nonsevere medically determinable impairments when assessing her RFC. Tr. 26. Nevertheless, he does not address *any* mental limitations or conditions when conducting the RFC analysis. Tr. 29-33.

As the Eleventh Circuit noted in *Weidlich*, "Social Security Ruling 96-8p (SSR 96-8p) provides that the ALJ must explain and address any conflicts between the RFC and medical opinions." 2023 WL 8015753, at *2. Although social security rulings are binding on the agency, they are not binding on courts. Nevertheless, the Eleventh Circuit instructs that courts afford them deference. *Id.* at n.3. Because the ALJ's RFC assessment in *Weidlich* conflicted with a medical opinion the ALJ found

11

persuasive, the appellate court found that RFC assessment unsupported by substantial evidence. *Id.* at *3.

The Northern District of Georgia followed the same approach in *Tammy W. v. Commissioner, Social Security Administration*, 2022 WL 17078939, at *5-*6 (N.D. Ga. Mar. 21, 2022). The Northern District determined that "the ALJ was required to fully explain her reasons for omitting limitations from an opinion that she found persuasive under the new regulations" and identified other district courts within the Eleventh Circuit that agree. *Id.* at *5 (collecting cases). Given the Eleventh Circuit's opinion in *Weidlich* and the persuasive authority identified in *Tammy W.*, the Court should find the ALJ erred by failing to explain his reasons for omitting any limitations related to Long's mild limitations in social interaction and adaptation to stressors, despite finding Dr. Olejade's opinion persuasive. As Long explains, this error is not harmless, since the VE testified that an individual with additional non-exertional limitations would not be able to do Long's past work. Tr. 82. This case should, therefore, be remanded to the Commissioner for further proceedings.

As for the remaining issues, the Court need not decide those issues in light of the fact that the case is being remanded for other reasons. *See, e.g.*, *Washington v. Soc. Sec. Admin.*, 806 F.3d 1317, 1323 n.10 (11th Cir. 2015) (explaining that "[b]ecause this case must be remanded for consideration of the new evidence, [the court] need not address" the plaintiff's additional arguments in support of his appeal); *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1066 n.4 (11th Cir. 2021) (offering no opinion on all alleged errors where remand required on other issues, but instructing on remand that "the ALJ is to reconsider [claimant's] claim based on entire record"); *see also Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the subsequent proceedings).

## IV. CONCLUSION

For the reasons explained above, the Commissioner's final decision should be **REVERSED**, and this case should be **REMANDED** back to the Commissioner for further proceedings.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 21st day of February, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA